IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCHEM FISCHER,<br><br>    Plaintiff,<br><br>vs.<br><br>FORESTWOOD COMPANY, INC., a Utah corporation, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:02-CV-210 TS |

    This matter has been remanded to this Court by the Tenth Circuit for further proceedings on Plaintiff's failure-to-hire claim.[1] In addition, the court noted that "the district court must still determine whether Fischer was seeking to be rehired as an employee of Forestwood for the purposes of Title VII."[2]

    On October 27, 2008, this Court held a status conference to determine how best to proceed in this matter. The parties indicated that they wished to rely on their previously submitted briefs to determine to employee/independent contractor issue. In addition, the parties

---

[1] *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 987 (10th Cir. 2008).

[2] *Id*. As a prerequisite to Plaintiff's failure-to-hire claim, Plaintiff must show that he was seeking to be rehired as an employee. *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1069 (10th Cir. 1998).

1

were allowed to submit simultaneous briefs on the issue.  Defendant Forestwood filed a supplemental brief, but Plaintiff did not.  Having considered the previously submitted materials, as well as Defendant's supplemental brief, this matter is now ripe for decision.

As an initial matter, the Court must frame the issues before it.  Defendant, in its supplemental brief, indicates that there are two issues before the Court.  First, whether Plaintiff has failed to present a prima facie case because he has not shown that a position of employment was available.  And second, whether Plaintiff's failure-to-hire claim fails because the position he sought to return to was for an independent contractor and not an employee.

Defendant is incorrect.  The first issue cited by Defendant is simply not before the Court.  The Tenth Circuit has squarely decided this issue.  The Tenth Circuit stated that in order

> to establish a prima facie case [on his failure-to-hire claim], Fischer must provide sufficient evidence establishing that (1) he applied and was qualified for a job which Forestwood was seeking applicants; (2) despite being qualified, Forestwood rejected him; and (3) some additional evidence to support the inference that Fischer was not hired because of a discriminatory motive based upon Fisher's failure to follow the religious beliefs of Forestwood's management.[3]

The Tenth Circuit found that Plaintiff had presented sufficient evidence on each of these elements to survive summary judgment.[4]  In particular, the court held that "Fischer demonstrated that a position was available at [Forestwood], based on [his father's] repeated statements that the company would be happy to have Fischer return."[5]

---

[3] *Fischer*, 525 F.3d at 985.

[4] *Id*. at 985–87.

[5] *Id*. at 985.

Defendant's supplemental brief, in essence, asks this court to review the Tenth Circuit's decision on this issue. The Court is not in a position to do so. Thus, the first issue cited by Defendant is not before the Court at all.

Turning to the second issue, the Court has reviewed the previously submitted materials, as well as Defendant's supplemental brief. Having reviewed this material, the Court finds that genuine issues of material fact exists as to whether Plaintiff was seeking to be rehired as an independent contractor or as an employee. Therefore, the Court is unable to enter judgment for either party on this issue. This issue, along with Plaintiff's failure-to-hire claim, will be left to the jury.

The hearing set for January 22, 2009, at 2:30 is STRICKEN.

SO ORDERED.

DATED   December 16, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge